■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS ROGERS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated June 27, 1967, which denied the application after a hearing. Order affirmed. No opinion. Appellant's claim was that his plea of guilty to murder in the second degree was conditioned upon a promise from the Assistant District Attorneys assigned to the case that he would be allowed to plead guilty to manslaughter in the first degree if his codefendant were convicted of less than murder in the second degree or acquitted. We find no merit to this contention. Christ, Acting P. J., Rabin, Hopkins and Munder, JJ., concur. (Beldock, P. J., deceased.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAUL VEGA and LOUIS FONTANEZ, Appellants.— Appeal by defendants from two judgments of the Supreme Court, Kings County, both rendered May 13, 1968 (one as to each defendant, respectively), convicting them of robbery and grand larceny, both in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Christ, Acting P. J., Rabin and Munder, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse and to order a new trial, with the following memorandum: In its charge on reasonable doubt, the trial court stated the following: " A reasonable doubt, gentlemen, it has been said, is a doubt for which some good reason can be given. If, therefore, after considering the evidence you find it equally susceptible of two constructions, one indicating guilt and the other innocence, you must give the benefit of that doubt to the defendants and acquit them. You must also acquit them, if after due deliberation, you find the evidence in the case evenly balanced. For, in that event, the prosecution would not have met the burden imposed by law that the evidence must show the guilt of the defendants beyond a reasonable doubt." In our opinion, this portion of the charge effectively diminished the degree of persuasion required before a jury may find a man guilty of a crime beyond a reasonable doubt. This qualification of the definition of reasonable doubt was tantamount to charging the jury that they could convict defendant if the prosecution had proved guilt with a preponderance of the evidence. This was clear error; and defendants are entitled to a new trial. We have considered the other arguments raised by appellants and find no merit thereto.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE VENNARD, Appellant.— Appeals by defendant from a judgment of the Supreme Court, Queens County, rendered September 28, 1967, and an order of said court dated January 4, 1968. The court is in receipt of a handwritten letter from appellant, dated February 13, 1970, stating that he wishes to withdraw the appeals, and a letter from his assigned counsel, dated March 31, 1970, that he consents to the withdrawal of the appeals. Under the circumstances, the court directs that the appeals be deemed withdrawn. Rabin, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.